IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GREGORY GLENN FAULKNER, #204269, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CASE NO. 2:14-CV-691-MHT [WO] |
| JACKIE PETTWAY, | ) ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Gregory Glenn Faulkner ["Faulkner"], an indigent state inmate. In the complaint, Faulkner challenges actions taken against him during his confinement at the Draper Correctional Facility.

Pursuant to the orders of this court, the defendant filed a written report supported by relevant evidentiary materials in which he addresses the claims for relief presented by Faulkner. Upon review of this report, the court issued an order directing Faulkner to file a response to the defendant's written report. *Order of October 10, 2014 - Doc. No. 16*. The order advised Faulkner that his failure to respond to the report would be treated by the court **"as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the**

**directives of this order**" would result in the dismissal of this civil action. *Id*. The time allotted Faulkner for filing a response in compliance with the directives of this order expired on October 28, 2014. As of the present date, Faulkner has failed to file a requisite response in opposition to the defendant's written report. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action at this time. Faulkner is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Faulkner's inaction in the face of the defendant's report and evidentiary materials refuting the claims raised herein suggests he does not seek to proceed with this case. It therefore appears that any additional effort by this court to secure his compliance would be unavailing. Consequently, the court concludes that Faulkner's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge

that this case be dismissed without prejudice.  It is further

ORDERED that **on or before November 28, 2014,** the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 14th day of November, 2014.

                                                /s/Charles S. Coody  
                                            CHARLES S. COODY  
                                            UNITED STATES MAGISTRATE JUDGE